IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JOSE VIRGILIO SIERRA-CERRITOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:25-cv-2380 (RDA/LRV) |
| | ) | |
| JOSEPH SIMON, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## ORDER

On January 7, 2026, this Court granted the Petitioner's Petition for Writ of Habeas Corpus and ordered the Federal Respondents to hold a bond hearing for the Petitioner within seven (7) days, at which time this Court enjoined the Federal Respondents from denying the Petitioner bond on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2). Dkt. 5. On January 14, 2026, a virtual bond hearing took place, at which the Immigration Judge found Petitioner was a flight risk and denied bond. Dkt. 7. On February 7, 2026, Petitioner filed a Motion for Order to Show Cause and, on February 26, 2026, Petitioner filed a Motion to Enforce Judgment. Dkts. 7, 10. In response, Respondents filed an Opposition as well as an audio recording of the bond hearing. Dkts. 13, 15.

The Court recognizes that it does not have jurisdiction to review the substantive merits of the Immigration Judge's bond determination, *see* 8 U.S.C. §§ 1225(b)(2); 1226(e); however, the Court has the authority to review whether the factors the Immigration Judge considered in his bond determinations are constitutionally compliant, *Mejia Orozco v. Lyons, et al.*, No. 1:25-cv-1762-AJT-WEF, Dkt. 20 at 7 (E.D. Va.) (ordering the federal respondents to either release the petitioner or to conduct an individualized bond hearing consistent with the Order). Although the Court has now reviewed several bond hearings from the Immigration Judges that are constitutionally compliant, the record here is not as substantial as others that the Court has reviewed. A bond hearing fails to comport with due process where the Immigration Judge relies on considerations that would lead to an automatic denial of bond in almost all cases, for such a hearing is not individualized or rationally related to whether a petitioner is a flight risk. Here, the audio recording

of the bond hearing reflects that, despite reviewing all of the record evidence, the only factors that the Immigration Judge discussed in denying bond were those related to Petitioner's illegal status. Those are appropriate considerations to weigh, but when the Petitioner's illegal status appears to be the sole basis for the denial of bond, the Court cannot assure itself that Petitioner has been given the required individualized process. *See Miranda v. Garland*, 34 F.4th 338, 362 (4th Cir. 2022) ("In addition, immigration judges and the Board have the guidance of a list of factors outlined in the agency's decision in *In re Guerra* to utilize in determining whether bond is warranted and under what conditions. These factors provide a non-exhaustive, but flexible menu of considerations relevant to detention decisions. Despite Espinoza's complaints, these procedures provide substantial process."). It may be that the Immigration Judge considered other factors when reaching his decision. But the record currently before this Court does not reflect such consideration. Accordingly, it is hereby

ORDERED that the Motion to Enforce (Dkt. 10) is GRANTED; and it is

FURTHER ORDERED that the Motion for Order to Show Cause (Dkt. 7) is DENIED as moot; and it is

FURTHER ORDERED that the Respondents are DIRECTED to provide Petitioner, on or before March 27, 2026, with an individualized, constitutionally compliant bond hearing pursuant to 8 U.S.C. § 1226(a) before an Immigration Judge. A bond hearing fails to comport with due process where an Immigration Judge relies solely on considerations that would lead to an automatic denial of bond in most, if not all, cases.[1]

The Clerk is directed to forward a copy of this Order to counsel of record.

It is SO ORDERED.

Alexandria, Virginia
March 18, 2026

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[1] This Court does not enjoin Respondents from considering Petitioner's status or work authorization in conjunction with other factors, as the Fourth Circuit has recognized that this is appropriate. *See Miranda*, 34 F.4th at 362. Rather, they cannot be the only factors relied upon by the Immigration Judge.